849 F.2d 91
 57 USLW 2055
 Sandra FOSTER and Judith Girouard, individually and on
behalf of all others similarly situated,
Plaintiffs-Appellees,
v.
Veronica H. CELANI, as Commissioner of the Vermont
Department of Social Welfare, Gretchen Morse, as Secretary
of the Vermont Agency of Human Services, and Richard Lyng as
Secretary of the U.S. Department of Agriculture, Defendants,
Richard Lyng, the Secretary of Agriculture, Defendant-Appellant.
 No. 809, Docket 87-6276.
 United States Court of Appeals,
Second Circuit.
 Argued March 14, 1988.
Decided June 24, 1988.
 
 Robert D. Kamenshine, Washington, D.C. (Robert S. Greenspan, Jeffrey Clair, U.S. Dept. of Justice, Washington, D.C., of counsel), for defendant-appellant.
 Steven Norman, Burlington, Vt. (Alexander Scherr, Vermont Legal Aid, Inc., Burlington, Vt., of counsel), for plaintiffs-appellees.
 Robert Abrams, New York City, Atty. Gen., State of New York (Lawrence S. Kahn, Deputy Sol. Gen., Robert J. Schack, Laurel W. Eisner, of counsel), for Amici State of New York and Cesar A. Perales, State Commissioner of Social Services.
 Before PIERCE and PRATT, Circuit Judges, and WALKER, District Judge for the Southern District of New York, sitting by designation.
 PER CURIAM:
 
 
 1
 The Secretary of Agriculture appeals from a summary judgment granted to a class of Vermont foster parents whose food stamp benefits had been reduced or terminated because their foster care maintenance payments were included in the calculation of their household income for the purpose of determining food stamp eligibility. The district court held that because foster children may be excluded from the household under the regulation excluding "boarders", 7 C.F.R. Sec. 273.1(c) (1986), foster care payments need not be included in the calculation of household income. For substantially the reasons stated in the district court's opinion, 683 F.Supp. 84 (D.Vt. 1987), we affirm.
 
 
 2
 The regulations provide that, while the boarder's income may be excluded from household income, any payments from the boarder to the household "for room and meals" shall be treated as "self-employment income" to the household. 7 C.F.R. Sec. 273.11(b)(1)(i) (1986). Foster children who, by definition and statutory mandate, are only temporarily assigned to a foster home, closely parallel the circumstances of the "boarders" contemplated by these regulations.
 
 
 3
 The district judge found support, both in the language of the statute that established the food stamp program, 7 U.S.C. Secs. 2011-2029, and in its legislative history, for his conclusion that foster children should be treated like boarders and should be entitled to the same option to be excluded from the food stamp household. The legislative history makes clear that congress intended "anyone who pays compensation for his meals that is reasonable * * * " to be considered a boarder. H.R.Rep. No. 464, 95th Cong., 1st Sess. 143, reprinted in 1977 U.S.Code Cong. & Admin.News 1704, 1978, 2113. Because the foster care grant represents a reasonable payment for food and lodging, along with some other expenses, we agree with the district court that congress intended a foster child to be treated like a boarder.
 
 
 4
 While the secretary correctly asserts that regulatory interpretations by the agency charged by congress with administering a statute are entitled to substantial deference, see Knebel v. Hein, 429 U.S. 288, 294 n. 14, 97 S.Ct. 549, 553 n. 14, 50 L.Ed.2d 485 (1977), regulations that contravene congressional intent cannot be upheld. See Southeastern Community College v. Davis, 442 U.S. 397, 411, 99 S.Ct. 2361, 2369, 60 L.Ed.2d 980 (1979).
 
 
 5
 The challenged regulation, 7 C.F.R. Sec. 273.9(b)(2)(ii), requires foster care maintenance payments to be included as unearned income to the "household". But, as plaintiffs argue, only the income and resources available to members of the "household" may be considered in determining eligibility for food stamps. Thus, when a foster child is not a member of the "household", the secretary cannot, by regulatory fiat that contravenes congressional intent, mandate the inclusion of foster care maintenance payments in calculating household income. Similarly, the secretary cannot mandate, through its parental control regulation, that foster children must be included in the definition of a household.
 
 
 6
 Affirmed.